IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01772-BNB

KENNETH JENNINGS,

     Plaintiff,

v.

ARI ZAVARAS, Director, Colorado Department of Corrections,
STEVE GREEN, Warden, Buena Vista Correctional Facility,
WILLIAM BRUNNELL, Associate Warden, Buena Vista Correctional Facility,
J. LENGERICH, Major, Buena Vista Correctional Facility,
T. COLEMAN, Captain, Buena Vista Correctional Facility,
G. KNAPIC, Lieutenant, Buena Vista Correctional Facility,
P. WILLIAMS, Lieutenant/Property Supervisor, Buena Vista Correctional Facility,
    individually and in their official capacities, and each of their supervisors,
    designees, and all unnamed individuals that directly participated in the wrong, or
    formulated the policy, Officers, Agents as Defendants, and
JOHN SUTHERS, Attorney General, State of Colorado,

     Defendants.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 2 9 2010

GREGORY C. LANGHAM
CLERK

---

## ORDER OF DISMISSAL

---

    Plaintiff, Kenneth Jennings, is a prisoner in the custody of the Colorado

Department of Corrections (DOC) who currently is incarcerated at the correctional

facility in Buena Vista, Colorado. Mr. Jennings initiated this action by filing ***pro se*** a

prisoner complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983.

    Mr. Jennings has been granted leave to proceed pursuant to the federal ***in***

***forma pauperis*** statute, 28 U.S.C. § 1915, without payment of an initial partial filing

fee. Subsection (e)(2)(B) of § 1915 requires a court to dismiss ***sua sponte*** an action

at any time if the action is frivolous, malicious, or seeks monetary relief against a

defendant who is immune from such relief. A legally frivolous claim is one in which the

plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Mr. Jennings is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe Mr. Jennings' filings liberally because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the complaint will be dismissed pursuant to § 1915(e)(2)(B) as legally frivolous.

Mr. Jennings alleges that on or about December 9, 2009, his personal property, including but not limited to stereo extension cords, a radio, and arts and crafts supplies, was confiscated and destroyed without due process when he was transferred from the Kit Carson Correctional Facility in Burlington, Colorado, to the Buena Vista Correctional Facility following a disciplinary conviction for complicity to assault. He further alleges that he was not given a list of the property to be confiscated or given an opportunity to mail the property to an address out of prison before the property was destroyed. He complains that other inmates are allowed to keep the kind of property confiscated from him. He makes a vague allegation that Defendants have retaliated against him, including by subjecting him to "poor living conditions," *see* complaint at 12, for filing grievances and initiating the instant action, thus increasing the risk of harm to his

2

physical health. He asserts violations of his rights to due process, equal protection, and free speech.

Mr. Jennings' due process claim based on the confiscation and loss of his personal property lacks merit. The United States Constitution guarantees due process when a person is deprived of life, liberty, or property. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). However, "the United States Supreme Court has held that neither negligent nor intentional deprivations of property under color of state law that are random and unauthorized give rise to a § 1983 claim where the plaintiff has an adequate state remedy . . . ." *Gillihan v. Shillinger*, 872 F.2d 935, 939 (10th Cir. 1989); *see also Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (finding that an unauthorized intentional deprivation of property does not violate due process if an adequate postdeprivation remedy for the loss is available). A prison grievance procedure is an adequate postdeprivation remedy if the grievance procedure provides a meaningful remedy. *See id.* at 536 n.15; *Williams v. Morris*, 697 F.2d 1349, 1351 (10th Cir. 1982). The fact that Mr. Jennings' administrative grievances were not successful, by itself, does not mean that the grievance procedure was not an adequate remedy. To the extent Mr. Jennings may be arguing that the DOC grievance procedure was not available to him because his grievances were denied, the Court notes that Mr. Jennings also has an adequate remedy available to him in state court under state law. *See, e.g., Cooper v. Belcher*, 2010 WL 3359709, at *15 (D. Colo. Aug. 25, 2010) (unpublished) (noting that "[a]dequate state remedies are not limited to the filing of grievances, but include filing complaints in state court."). Therefore, the due process claim is legally frivolous, and will be dismissed.

Mr. Jennings' equal protection claim that he was not treated the same as similarly situated inmates when he was transferred from the Kit Carson Correctional Facility to the Buena Vista Correctional Facility also is without merit. He claims that similarly situated inmates do not have their property confiscated or destroyed without just cause and that, even if property is confiscated, similarly situated inmates are provided ten days to determine the disposition of their property, including the option to mail the property to someone outside the prison.

However, it is not clear that Mr. Jennings was similarly situated to other inmates transferred from Kit Carson Correctional Facility. He does not specifically identify any similarly situated individuals. He fails to assert that the alleged similarly situated inmates were transferred as a result of a disciplinary conviction such as his, i.e., complicity to assault. Therefore, it is not clear that he has been treated differently than any similarly situated individual. *See City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996).

However, even if Mr. Jennings was treated differently than other similarly situated inmates, the equal protection claim still fails. To prove an equal protection claim, a plaintiff must demonstrate (i) that similarly situated individuals were treated differently, and either (ii) if differential treatment was based on a suspect classification or fundamental right, that it was not supported by a compelling governmental interest or (iii) if the differential treatment was not based on suspect classification or fundamental right, that the treatment was not justified by a rational connection to a legitimate state interest. *See Kleinsmith v. Shurtleff*, 571 F.3d 1033, 1047 (10th Cir. 2009); *see also Freeman v. Watkins*, No. 06-cv-00405-MSK-KMT, 2010 WL 1790427, *9-10 (D. Colo. May 4, 2010) (unpublished).

Because no fundamental right or suspect classification is alleged, Mr. Jennings must demonstrate that any distinction between himself and other similarly situated inmates was not reasonably related to some legitimate penological purpose. *See Penrod*, 94 F.3d at 1406; *see also Templeman*, 16 F.3d at 371. Mr. Jennings cannot state an arguable claim that there are no relevant differences between himself and other inmates that reasonably might account for any different treatment. *See id.* Therefore, the equal protection claim must be dismissed.

Mr. Jennings' vague and conclusory allegation that Defendants retaliated against him for filing grievances and initiating the instant action by subjecting him to "poor living conditions," *see* complaint at 12, thus increasing the risk of harm to his physical health, is insufficient to state a constitutional claim. "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110.

Accordingly, it is

ORDERED that the complaint and the action are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b) as legally frivolous.

DATED at Denver, Colorado, this __28th__ day of __September__, 2010.

BY THE COURT:

Christine M Arguello

_____
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 10-cv-01772-BNB

Kenneth Jennings
Prisoner No. 47915
Buena Vista Corr. Facility
PO Box 2017
Buena Vista, CO 81211

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 9/29/10

GREGORY C. LANGHAM, CLERK

By: _____
                                    Deputy Clerk